# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LEON GUERRERO,<br><br>Defendant. | Case No. 1:92-cr-00043<br><br>DECISION AND ORDER STRIKING SECOND PETITION FOR WRIT OF ERROR CORAM NOBIS |

In this criminal action, Defendant James Leon Guerrero was sentenced in 1992 to a term of ten years imprisonment after pleading guilty to the offense of conspiracy against rights in violation of 18 U.S.C. § 241. (J. 1, ECF 5.) His sentence ran concurrent with his sentence in the Superior Court of Guam and received credit for time served in the Superior Court of Guam case. (Info. Report 1, ECF No. 14.) In 1994, he was released from prison and placed on parole. (*Id.*) In 1996, Guerrero completed his term of parole, and his case was terminated with the U.S. Probation Office. (*Id.*) Before the Court is Guerrero's pro se second Petition for Writ of Error Coram Nobis filed on July 18, 2024 ("Second Writ," ECF No. 36). Guerrero attaches to his Second Writ an Affidavit in support (ECF No. 36-1). Additionally, Guerrero filed a Motion to Appoint Counsel, which includes over two hundred pages of court documents and medical evaluations (ECF No. 37). To date, the Government has not filed a response to the Second Writ. For the following reasons, the Court STRIKES Guerrero's Second Writ and DENIES Guerrero's Motion to Appoint Counsel as MOOT.

Guerrero filed his Second Writ and informs the Court that "[t]he petition for a writ of error coram nobis that [he] now file[s] in the District Court of Guam is a copied version of the same writ/petition that Mr. Novak filed on 2013, in the District Court of Guam." (Affidavit 3.)

Upon review, the Court confirms that it is a handwritten copy of the First Petition for Writ of Error Coram Nobis that sought to set aside his first conviction ("First Writ," ECF No. 19), with additional facts asserted.

In 2014, Guerrero through his attorneys Richard G. Novak, Salvatore Sciandra, Iris Y. Roe, and Leevin T. Camacho, filed an Unopposed Motion to Dismiss his First Writ with prejudice, which the Court granted on March 12, 2014. (ECF Nos. 34-35). Attorney Novak, as co-counsel of Guerrero, represented in his declaration that Guerrero executed a plea agreement in another of Guerrero's criminal cases pending before the U.S. District Court for the Eastern District of California. (Novak Decl., ECF No. 34-1.) The pending criminal case was a federal death penalty proceeding for second-degree murder. (First Writ ¶ 8.) In that plea agreement, Guerrero agreed to request that this Court dismiss his First Writ with prejudice. (*Id.*) Attorney Novak discussed with Guerrero the plea agreement and the provision requiring him to request dismissal of the First Writ, to which Guerrero represented he understood the consequences of requesting dismissal with prejudice. (*Id.*)

Guerrero signed his own declaration stating that he consented and authorized counsel to request dismissal with prejudice of his First Writ. (Guerrero Decl., ECF No. 34-2.) He also stated "[m]y consent and authorization are freely and voluntarily given, and not a product of any undue influence or coercion." (*Id.*) Guerrero further acknowledged that "if the petition for writ of error coram nobis is dismissed with prejudice, I am precluded from refiling the petition or filing another petition for relief in this action at any point in the future." (*Id*.) In reliance of the declarations, the Court dismissed the First Writ with prejudice. (ECF No. 35.)

Guerrero now asserts in his Second Writ that at the time he signed the declaration[1] agreeing to dismiss his First Writ (ECF No. 34-2), he was experiencing auditory hallucination and paranoia and that he engaged in a heated argument with his attorney. (Second Writ 65-66.) Guerrero asserts he "was coerced by Mr. Novak to sign the [declaration], or else, Mr. Novak will stop sending [Guerrero] any more money to [his] commissary account." (*Id.*) Guerrero, however, does not contest in the filings before this Court that he entered into his plea agreement in the new criminal action knowingly and voluntarily, and in which he agreed to request to dismiss his First Writ in this Court.

Guerrero's declaration in which he consented and authorized counsel to request dismissal of his First Writ with prejudice was "freely and voluntarily given." (Guerrero Decl. 1.) Moreover, in reviewing the filings by Guerrero in his Motion to Appoint Counsel, although he provides documents in prior years regarding his incompetence to stand trial, he does not provide documentation supporting a finding of incompetence for the specific time in which he signed the declaration in 2014. (*See* Mot. Attn'y 64.)

Last, this Court's Order Granting Guerrero's Motion to Dismiss with prejudice has a preclusive effect as to his Second Writ. The Ninth Circuit has recognized the "general premise that a dismissal with prejudice has res judicata effect." *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999). Moreover, "[t]here can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case." *Id.* (citing *In re Tomlin*, 105 F.3d 933, 936-37 (4th Cir. 1997); *Daewoo Electronics Corp. of Am., Inc. v. W. Auto Supply Co.*, 975 F.2d 474, 478 (8th Cir. 1992)). An individual is precluded from bringing another action for the same cause when dismissal with prejudice stands. *Id.* (quoting *Concha v. London*, 62 F.3d 1493,

---

[1] Guerrero refers to his declaration filed with his First Writ as an affidavit.

1508 (9th Cir. 1995)). This general premise was later cited to by the Ninth Circuit in the criminal context. *See United States v. Arpaio*, 951 F.3d 1001, 1006 n.6 (9th Cir. 2020). Based on these legal authorities, Guerrero's Second Writ is precluded by the Court's dismissal with prejudice of his First Writ. Guerrero himself recognized this preclusive effect over a decade ago when he authorized the dismissal with prejudice. (Guerrero Decl. ¶ 2 ("I understand that if the petition for writ of error coram nobis is dismissed with prejudice, I am precluded from refiling the petition or filing another petition for relief in this action at any point in the future."))

Any argument that Guerrero now makes in seeking the refiling of his First Writ thereby setting aside the Order Granting Guerrero's Motion to Dismiss is without a legal or factual basis. As of November 2012, his former attorneys in the death penalty case represented to the court in the Eastern District of California that "[i]t is the unanimous opinion of his counsel and other members of his defense team, including licensed mental health professionals, that Mr. Leon Guerrero is presently competent under all prongs of 4241(b) of Title 18 of the United States Code and <u>Dusky v. United States</u>." (Mot. Attn'y 89.) The Court finds that based on the record, Guerrero voluntarily and freely signed the affidavit requesting dismissal of his First Writ with prejudice. By entering into a plea agreement in the death penalty criminal action, Guerrero obtained bargain-for consideration, which he does not contest in the filings before this Court. As such, the Court strikes Guerrero's Second Writ as barred by the dismissal order with prejudice and denies his Motion for Counsel as moot.

IT IS SO ORDERED this 10th day February 2025.

RAMONA V. MANGLONA
Designated Judge